**WO**                                                                                       JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yussuf Olawale Yemitan,<br><br>    Petitioner,<br><br>vs.<br><br>Janet Napolitano, et al.,<br><br>    Respondents. | No. CV 09-0709-PHX-GMS (ECV)<br><br>**TRANSFER ORDER** |

Petitioner Yussuf Olawale Yemitan (A087-415-931), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus and an Emergency Motion for Stay of Deportation (both documents were filed at Doc. #1). The Court will transfer the Motion for Stay of Deportation and that part of the Petition challenging Petitioner's order of removal to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631. The Court will retain jurisdiction over that part of the Petition challenging Petitioner's detention and it will be addressed in a separate order.

**I.      Petition**

Petitioner is a citizen of the United Kingdom. On September 2, 2003, when he was sixteen years old, he entered the United States under the Visa Waiver Program (VWP).[1] On November 12, 2003, Victor Jakpor, a United States citizen, was appointed as Petitioner's guardian by the Superior Court of Arizona for Maricopa County. In August of 2007,

---

[1] The VWP authorizes a 90-day visitors stay without a visa in exchange for a waiver of the right to challenge any removal action except on the basis of asylum. 8 U.S.C. § 1187(a)(1) and (b).

Petitioner married a United States citizen. On March 1, 2009, Petitioner's wife filed an I-130 Petition for Alien Relative on Petitioner's behalf and Petitioner filed an I-485 application to adjust his status. On March 9, 2009, the Department of Homeland Security (DHS) issued an order for Petitioner's removal from the United States because his VWP authorization had expired.

Petitioner claims that the removal order is invalid. He argues that DHS cannot enforce the VWP waiver because he was incompetent to waive his rights when he entered the United States as a minor. Petitioner further argues that because he has a valid application for adjustment of status pending with United States Citizenship and Immigration Services, he is entitled to remain in the United States until his adjustment application is resolved. Petitioner also claims that his ongoing detention is unlawful.

**II.   Jurisdiction**

**A.   Challenge to Removal Order**

Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), the district courts do not have habeas corpus jurisdiction to review an order of removal. Iasu v. Smith 511 F.3d 881, 886 (9th Cir. 2007). The REAL ID Act amended 8 U.S.C. § 1252(a)(5) to provide that "a petition for review filed with an appropriate court of appeals in accordance this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]"). 8 U.S.C. § 1252(a)(5). Accordingly, this Court lacks jurisdiction the hear Petitioner's challenge to his removal order – that challenge should have been filed with the Ninth Circuit as a petition for review under 8 U.S.C. § 1252.

The REAL ID Act, however, includes a jurisdictional savings provision for challenges to removal that were mistakenly filed in the district courts. Subsection 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case "challenging a final administrative order of removal . . . **is pending in a district court on the date of enactment**, then the district court shall transfer the case . . . to the [appropriate] court of appeals." REAL ID Act §106(c) (emphasis added). This action, however, cannot be transferred under § 106(c) of the

1  REAL ID Act because it was not pending in this Court on the date of enactment. See Iasu,
2  511 F.3d at 888-89. But § 106 of the REAL ID Act is not the only relevant jurisdictional
3  savings provision.

4  When a claim is improperly brought in the district court, the court must consider
5  whether the action should be transferred to the court of appeals pursuant to the general
6  jurisdiction savings provision – 28 U.S.C. § 1631. Baeta v. Sonchik, 273 F.3d 1261, 1264-65
7  (9th Cir. 2001). Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

13  28 U.S.C. § 1631. The transfer statute authorizes the Court to transfer this case to the United
14  States Court of Appeals for the Ninth Circuit "'if: (1) [the court of appeals] would have been
15  able to exercise jurisdiction on the date that [the petition was] filed in the district court; (2)
16  the district court lack[s] jurisdiction over the case[]; and (3) the transfer is in the interests of
17  justice.'" Baeta, 273 F.3d at 1264 (quoting Castro-Cortez v. INS, 239 F.3d 1037, 1046 (9th
18  Cir. 2001), abrogated on other grounds, Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)).

19  The Petition in this action was filed on April 7, 2009, which is 29 days after
20  Petitioner's order of removal was issued. Thus, the first prong of the transfer test is satisfied
21  because the Petition would have been timely if it had been filed in the court of appeals on
22  that date. See 8 U.S.C. § 1252(b)(1) ("petition for review must be filed not later than 30 days
23  after the date of the final order of removal"). The second prong also has been met because,
24  as has already been explained, this Court lacks jurisdiction to hear Petitioner's claim
25  challenging an order of removal. Finally, the Court finds that the third prong also is met in
26  this case. "Because the purpose of the transfer statute 'is to aid litigants who were confused
27  about the proper forum for review,' a petition that would be time-barred without a transfer
28  satisfies the interest of justice test." Baeta, 273 F.3d at 1264 (quoting Rodriguez-Roman v.

INS, 98 F.3d 416, 423-24 (9th Cir.1996)).  As in Baeta, "[d]ue to the uncertain nature of jurisdiction in this area, the filing of the habeas petition is understandable and transfer to the proper forum is particularly appropriate."  Baeta, 273 F.3d at 1265.  Accordingly, that part of the Petition challenging Petitioner's order of removal will be transferred to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631.

### B. Challenge to Detention

The REAL ID Act of 2005 does not deprive the Court of jurisdiction over Petitioner's claim that his ongoing detention is unlawful because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'"  Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal.").  Accordingly, the Court will retain jurisdiction over Petitioner's challenge to his ongoing detention and will address the merits of that claim in a separate order.

**IT IS ORDERED** that Petitioner's challenge to his order of removal and his pending motion for stay of removal must be **transferred as a petition for review** to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631.  The Clerk of Court shall effect the transfer forthwith.

DATED this 9th day of April, 2009.

G. Murray Snow
United States District Judge